IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>DONALD RAY SPENCER,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO AMEND**<br><br>Case No.  2:15-cr-00054<br><br>Judge Clark Waddoups |

       This court sentenced Defendant Donald Ray Spencer to twelve months and one day in prison. The court arrived at this sentence by considering Mr. Spencer's guideline range (21–27 months' imprisonment) and subtracting from that range the approximately nine months Mr. Spencer had been in custody since his arrest. Because the court took into account the time Mr. Spencer had been in custody when imposing a below-guideline sentence, the court did not intend for Mr. Spencer to receive any additional credit for time served.

       Mr. Spencer has asked the court to amend his judgment. (Dkt. Nos. 41, 42). According to Mr. Spencer, amendment is necessary because the United States Bureau of Prisons (BOP) has calculated his sentence incorrectly. In support, Mr. Spencer directs the court's attention to the BOP inmate locator website, which indicates that Mr. Spencer's projected release date is September 21, 2016, approximately 12 months and 1 week after Mr. Spencer was sentenced. (Dkt. No. 42-1). According to Mr. Spencer, this date is incorrect because, with good time credits, Mr. Spencer should be released in July or August 2016. From this, Mr. Spencer argues that the court should amend the judgment to reflect that his sentence be modified to run concurrent with any/all state matters, specifically four minor offenses for which Mr. Spencer was ordered to

serve time while in federal custody. The state sentences, when aggregated, amount to fifty days in prison. (Dkt. No. 42-2–5). The Government does not object to this request. (Dkt. No. 43). Notwithstanding the Government's concession, Mr. Spencer's motion fails for three reasons.

First, the district court does not have inherent authority to amend a previously imposed sentence. It may make modifications only pursuant to statutory authorization. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *see also United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). Specifically, the relevant statute provides that "the court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Under Rule 35, the modification must be made within 14 days of sentencing. Fed. R. Crim. P. 35(a).[1]

Alternatively, pursuant to Rule 36, the court may at any time correct a clerical error in a judgment to bring it into conformity with a defendant's orally-pronounced sentence. *United States v. Sasser*, 974 F.2d 1544, 1561–62 (10th Cir. 1992). But Rule 36 relief is narrow. It applies only to uncontroversial and non-substantive clerical errors that are apparent from the face of the record, "leaving little need for adversary proceedings to clarify the issue." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). "An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]." Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 611 (1982); *Werber*, 51 F.3d at 347 ("Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." (internal quotation marks omitted)).

---

[1] Rule 35(a) allows for the correction of clear errors, such as arithmetic or technical errors.

When considered under these standards, Mr. Spencer's motion fails to establish a legitimate basis for amendment. Because Mr. Spencer's request is not made within 14 days of sentencing, Rule 35 is plainly inapplicable. Likewise, the relief Mr. Spencer seeks appears to be substantive in nature rather than a mere clerical mistake contemplated by Rule 36. Indeed, the court took into account any time Mr. Spencer had served since his arrest date when it sentenced him to a sentence that was nine months below the low end of his guideline range. The court did not intend for Mr. Spencer's federal sentence to run concurrent to any state matters, so the proposed amendment would not bring it into conformity with the pronounced sentence. Rule 36, therefore, does not present grounds for amendment. *See, e.g.*, *United States v. Gardner*, 601 F. App'x 717, 720 (10th Cir. 2015) (holding that a motion asking the court to amend the judgment to include the exact dates for which the defendant was to receive credit for time served did not identify the type of clerical error contemplated by Rule 36).[2]

Second, Mr. Spencer has not established that the BOP has made an error in calculating his sentence or that this error would be cured by an amendment. Mr. Spencer provides the court with no information regarding how the BOP reached the projected release date identified on the inmate locator website or that this release date is accurate. Nor is there any indication whether the release date indicated on the website takes into account any good time credit. To the extent there may be any issues regarding the way the BOP is calculating Mr. Spencer's credit for time served or good time credits, those issues should be addressed with the BOP. *See United States v.Wilson*, 503 U.S. 329 (1992) (holding that computation of the credit lies within the sole discretion of the Attorney General). Mr. Spencer provides the court with no authority to suggest that amending the judgment to impose concurrent sentences would be an appropriate remedy to cure any errors in the BOP's calculation of his sentence.

---

[2] Though not binding, the court finds the Tenth Circuit's unpublished opinions persuasive.

Finally, even if the court had the authority to amend the judgment to provide that Mr. Spencer's federal sentence run concurrent to any state sentence, at least two of the state sentences (those constituting 30 and 10 days, respectively) appear to have been discharged prior to the federal sentencing. (*See* Dkt. No. 42-2–42-3 (ordering credit for time served in both cases and stating that both cases were closed prior to September 2015)). The court lacks the authority to order the federal sentence be concurrent to those discharged matters, even if it were inclined to do so. *See United States v. Fay*, 547 F.3d 1231, 1236 (10th Cir. 2008) ("A district court . . . does not have the authority to impose a sentence to be served concurrently with a discharged sentence.").

For all these reasons, the court concludes that it lacks jurisdiction over Mr. Spencer's motion to amend (Dkt. Nos. 41, 42) because he has failed to present legitimate basis for amendment. Accordingly, the motion is **DISMISSED**. *See United States v. Larsen*, 380 F. App'x 789, 791 (10th Cir. 2010) (concluding district court lacked jurisdiction over motion for a substantive modification of a judgment). Alternatively, if the court had jurisdiction, it would deny the motion on the basis that it lacks merit.

SO ORDERED this 8th day of June, 2016.

BY THE COURT:

*[signature]*

Clark Waddoups
United States District Judge